IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TRUSTEES OF THE BUILDING** ) | **CASE NO. 1:10 CV 2927** |
| **LABORERS LOCAL 310** ) | |
| **PENSION FUND, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **JATSEK CONSTRUCTION CO., INC.,** ) | |
| ) | |
| **Defendant.** ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff, Trustees of the Building Laborers Local 310 Pension Fund, Welfare Fund, Supplemental Unemployment Benefits Fund, and Annuity Fund ("the Funds"). (Docket #21.) Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Funds petition the Court for summary judgment as to the Complaint filed against Defendant, Jatsek Construction Co., Inc. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

### Factual and Procedural Background

Defendant, Jatsek Construction, was a party to and agreed to abide by the terms of a Collective Bargaining Agreement between Jatsek Construction, the Funds and the Construction Employers Association. The Agreement was effective from May 1, 2005 to April 30, 2009 and, absent written notice by Jatsek Construction of its intent to withdraw, the Parties entered into a

successor Agreement on May 1, 2009, effective through April 30, 2012. Article VII of the Agreements provides for contributions to the Funds by Jatsek Construction based on the hours paid to each employee covered by the Agreements. There is no dispute between the Parties as to the fact that they are bound by said Agreements, nor is there any dispute between the Parties as to the terms and conditions thereof.

In August 2010, the accounting firm of Tramer, Shore & Zwick conducted an audit of Jatsek Construction's records, on behalf of the Funds, pursuant to Section 11 of Article VII of the Agreements. The accounting firm found Jatsek Construction had under-reported 2,546.75 hours and calculated Jatsek Construction owed $36,129.63 in fringe benefit contributions for the time period from May 2008 through March 2010. On August 27, 2010, the Funds notified Jatsek Construction of the amounts owed. On December 28, 2010, the Funds filed this action to collect the amount due, plus assessments, fees and costs.

After this action was initiated, the Parties exchanged discovery. In light of the documents produced during discovery and the jurisdictional issues discussed by the Parties, the Funds requested that Tramer, Shore & Zwick reevaluate its August 2010 audit. On November 10, 2011, Tramer, Shore & Zwick produced a revised audit report, finding that Jatsek Construction under-reported 1,455.25 labor hours during the relevant time period, thereby owing $20,437.92 in fringe benefit contributions to the Funds. In addition, the Agreements provide for a 10% delinquency assessment; interest; audit costs; and, attorney fees and other expenses. The Funds seek payment from Jatsek Construction in the amount of $36,618.97.

Jatsek Construction disputes the Funds' assertion that it owes any money to the Funds, and states that it may actually have overpaid. Jatsek Construction argues that employee John D.

Podojil was not a Laborer, but actually a Superintendent and, therefore, that no contributions to the Funds for Mr. Podojil were due. In support of this claim, Jatsek Construction submits two Affidavits. The Affidavit of Wayne Jatsek, part-owner of Jatsek Construction, reads in its entirety, as follows:

1. I have personal knowledge of the facts set forth herein;
2. I am [sic] have an ownership and management interest in Jatsek Construction Company;
3. I received the information from Laborers Local 310 concerning an alleged shortfall in contributions and immediately disputed the same;
4. I have reviewed the contribution payments made, hours worked and job classification of the employees and confirmed that all contributions have been paid in full;
5. My limited review suggests that overpayments may have occurred during the agreement.

Jatsek Construction also submits the Affidavit of John Podojil, which reads, in its entirety, as follows:

1. I have personal knowledge of the facts set forth herein;
2. I am [sic] have an ownership and management interest in Jatsek Construction Company;
3. During all relevant time periods, I worked as a Superintendent for Jatsek and did not act as a Laborer;
4. I am not aware of any jobs I have worked or been billed to as a Laborer since my promotion to Superintendent.

Jatsek Construction provides no other documentation to support its claim that contributions due the Fund were paid in full and no other documentation to substantiate its claim that Mr. Podojil was not actually a Laborer.

The Funds assert that Mr. Podojil officially became a member of Local 310 on June 30, 2008, when he was hired. See Affidavit of Edward Fox, Administrative Manager of the Building Laborers' Local 310 at ¶ 6. Pursuant to the terms of the Agreements, Jatsek Construction is required to create and submit monthly fringe benefit Employer Contribution Reports to the

Funds. The Funds submitted copies of those Employer Contribution Reports, prepared by Jatsek Construction, to the Court. The Employer Contribution Reports list Mr. Podojil as an employee and include the hours he worked in the calculation of Total Employer Contributions due the Funds. The Funds also submitted copies of payroll reports which list Mr. Podojil as an employee and reflect that Mr. Podojil was paid the hourly wage set forth in the Agreements for a Journeyman Laborer. Finally, Jatsek Construction submits the Affidavit of Raymond Valez, a Laborer represented by Local 310 since April 1997 and Local 310 Steward since 2004. Mr. Valez states that he worked with employees of Jatsek Construction, as both a Laborer and Local 310 Steward, on a job site from June 2, 2009 through August 10, 2009, and "regularly observed John Podojil performing work of a Laborer, including grading, digging and laying pipes," not working as a Superintendent. See Affidavit of Raymond Valez at ¶ 4-8.

## Summary Judgment Standard

Summary judgment is appropriate when the Court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of

the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).

"Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment." *Bickley v. FMC Techonologies, Inc.*, 282 F. Supp. 2d 631, Fn. 2 (N.D. Ohio 2003). In the context of claims for unpaid fringe benefits, "unsupported claims of inaccuracy . . . are insufficient to create a material issue of fact." *PACE Indus. Union-Mgmt. Pension Fund v. Dannex Mfg. Co., Inc.*, 394 F. Appx. 188, 197 (6th Cir. 2010).

## Discussion

The Court has reviewed the Employer Contribution Reports and the Certified Payroll Reports prepared by Jatsek Construction. Jatsek Construction consistently included Mr. Podojil's hours worked in its calculations of Total Employer Contributions Due, as reflected in the Employer Contribution Reports submitted by Jatsek Construction to the Funds. Further, the Certified Payroll Reports indicate that Mr. Podojil was paid hourly wages and overtime at the rates set forth by the Collective Bargaining Agreements for a Journeyman Laborer. Jatsek Construction submitted no evidence to create a genuine factual dispute as to the accuracy of the records.

It is worth repeating that these documents were prepared by Jatsek Construction and, that aside from the statement of Mr. Jatsek – that based on his limited review overpayments may have been made, and the statement of Mr. Podojil – that he was not a Laborer but rather a Superintendent, there is no evidence before the Court to support Jatsek Construction's claim that payments to the Funds were not required for Mr. Podojil. These limited, self-serving statements, offered without any supporting documentation, are insufficient to raise a material issue of fact.[1]

## Conclusion

Based on the foregoing, the Court hereby GRANTS the Motion for Summary Judgment (Docket #21) filed by Plaintiffs, Trustees of the Building Laborers Local 310 Pension Fund,

---

[1] See *Plumbers Local 98 Defined Benefit Pension Fund v. M & P Master Plumbers of Mich., Inc.*, 608 F. Supp. 2d 873, 880 (E.D. Mich. 2009) (statements in an affidavit, regarding the nature of the work for each of the individual workers, without more, are insufficient to establish an issue of material fact to withstand a properly supported summary judgment motion).

Welfare Fund, Supplemental Unemployment Benefits Fund, and Annuity Fund. Judgment is entered in favor of Plaintiffs in the amount of $36,618.97.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: *March 12, 2012*